UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| IN RE SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* TO GERALD MARTIN<br><br>TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>             Plaintiffs,<br><br>  vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>             Defendants. | MISC. CASE NO. 6:13-MC-102-ORL-37 KRS<br><br>CIVIL ACTION NO. 10-CV-0940GPC(WVG) (S.D. Cal.)<br><br>MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM*, AND REQUEST FOR ORDER TO SHOW CAUSE WHY NON-PARTY GERALD MARTIN SHOULD NOT BE HELD IN CONTEMPT AND MEMORANDUM OF LAW IN SUPPORT |

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs John Brown, J.R. Everett, Sonny Low, Tarla Makaeff, and Ed Oberkrom ("Movants"), by and through their undersigned counsel, respectfully move for an order compelling Gerald Martin ("Martin") to immediately and fully comply with Movants' subpoena *duces tecum* and *ad testificandum*, and to show cause why he should not be held in contempt for his failure to attend his scheduled deposition today. Movants further request that the Court order Martin to reimburse them for their attorneys' fees and costs incurred in traveling to the noticed deposition, paying the court reporter, and bringing this motion, and/or provide such other relief as the Court deems appropriate.

As grounds therefore, Movants rely upon the following memorandum of law and the accompanying declaration and exhibits filed herewith.

## MEMORANDUM OF LAW

### I.   INTRODUCTION

Movants are plaintiffs in a putative class action pending in the United States District Court for the Southern District of California against Defendants Trump University LLC and Donald J. Trump ("Defendants") for false and misleading advertising involving "Trump University." In pursuit of relevant evidence to support their class claims, Movants served a subpoena *duces tecum* and *ad testificandum* on a former instructor of Trump University, Gerald Martin ("Martin"), who has knowledge of the misrepresentations and omissions made to student class members around the country. Martin currently resides in this District.

Martin's testimony as a Trump University instructor is directly relevant to this case, which alleges that Trump University and Donald Trump made false and misleading

statements to consumers to lure them into buying Trump University real estate investing seminars for up to $35,000 – seminars at which Martin was a key presenter. Although the materials and testimony sought by Movants' subpoena plainly relate to relevant evidence in this putative class action, in defiance of this Court's subpoena power, Martin failed to appear for his deposition scheduled by all the parties for today, and he failed to seek relief from the Court to excuse him of his obligation to appear.

Accordingly, Movants respectfully move to compel Martin's immediate and full compliance with the subpoena within seven (7) days; show cause why Martin should not be held in contempt; and order Martin and/or his counsel to pay Movants' attorneys' fees and costs incurred in connection with the deposition and bringing this motion.

## II.    BACKGROUND

### A.    The Underlying Litigation

The subpoena at issue was served on Martin in a putative class action pending in the Southern District of California alleging that Defendants engaged in a false and misleading advertising campaign concerning "Trump University." Movants allege that Defendants uniformly misrepresented Trump University as a legitimate university through which, for up to $35,000, students would learn Donald Trump's real estate secrets from his handpicked professors and instructors. Though promised, students received neither Trump nor a university.

Since August 2012, Movants have been seeking to take the depositions of certain former Trump University instructors for purposes of their class certification motion. And, since July of this year, Movants have been seeking to take Martin's deposition in order to

obtain his highly-relevant testimony in advance of the class certification hearing, which is currently set for November 8, 2013.

### B.     The Martin Subpoena

Movants issued a subpoena *duces tecum* and *ad testificandum* from this Court seeking Martin's testimony and documents relating to his role as a former Trump University instructor ("original subpoena"), which Movants served on Defendants on July 16, 2013, and then personally served non-party Martin on July 17, 2013. *See* Exs. A & B. The subpoena noticed Martin's deposition to take place in Orlando and requested certain enumerated categories of documents relating to Martin's work as a former instructor at Trump University. *See* Ex. A.

Thereafter, the parties engaged in intensive and protracted meet and confer efforts over the course of several months in an attempt to reach an agreement on a mutually acceptable date for the Martin deposition. By letter dated October 1, 2013, co-counsel for Defendants, who was also representing nonparty Martin, Ms. Jill A. Martin, confirmed October 23, 2013 as the agreed-upon date for Martin's deposition in Orlando. *See* Ex. C. Counsel for the parties worked out details concerning the start and end times for Martin's deposition, and Ms. Martin advised Movants' counsel by telephone that Martin had no responsive documents to produce in connection with the subpoena.[1]

On October 15, 2013, Ms. Martin emailed Movants' counsel to ask whether the parties could move the Martin deposition to Los Angeles on Monday, October 21, 2013.

---

[1]     However, Ms. Martin has since failed to provide written confirmation that Martin is not withholding any documents on the basis of any objection or privilege, despite multiple requests for such written confirmation from Movants' counsel.

Movants' counsel advised they had conflicts on October 21st and further informed Ms. Martin that Ms. Amber Eck, the Movants' attorney taking the deposition, had already purchased non-refundable airfare to Orlando and would incur costs should she cancel the airfare thereafter.

On October 17, 2013, Ms. Martin re-confirmed the deposition for October 23, 2013, in Orlando. That same day, pursuant to the parties' agreement as to the date, time and location of the Martin deposition, Movants provided as a courtesy an updated subpoena identical to the subpoena personally served on Martin in July, except it reflected the parties' agreement for the Martin deposition to proceed at 9:00 am on October 23, 2013, at Luks, Santaniello, Petrillo & Jones in Orlando. *See* Ex. D. On October 18, 2013, Ms. Martin produced certain un-redacted documents on behalf of Defendants in advance of the Martin deposition. Neither Defendants nor Martin served objections; however, Ms. Martin advised by email that Defendants were preserving their prior objections as to the document requests.

In the afternoon of October 21, 2013, approximately 17 hours before Movants' counsel were scheduled to fly to Orlando, Ms. Martin sent Movants' counsel a letter advising that Defendants refused to go forward with the deposition of Martin because of the filing of a related class action, *Cohen v. Trump*, on Friday, October 18, 2013. Though Movants in the *Makaeff* action had long noticed the depositions of the former instructors in their case, Defendants accused them of trying to obtain early discovery in the *Cohen* action. *See* Ex. E. Within hours, Movants' counsel responded that Movants had been trying to obtain the depositions of former Trump University instructors for over a year, and that Defendants' eleventh hour excuse was only the latest attempt to deprive Movants of that evidence. *See*

Ex. F. Movants advised defense counsel that their counsel would be traveling to Orlando for the deposition, as the parties had previously agreed, and encouraged Martin to comply with his legal obligation under the subpoena to attend the deposition or risk being held in contempt and subject to penalties, including their fees and costs. *Id.*; *see also* Declaration of Rachel L. Jensen, at ¶3.

Nevertheless, Defendants refused to produce Martin for his deposition as previously agreed, and Martin did not show up for his deposition today. *Id.* at ¶6; *See also* Certificate of Non Appearance Ex. G. In addition, Martin failed to seek to have the subpoena quashed or modified in order to relieve him from his obligation to attend his deposition as previously agreed-upon by all the parties.

## III. APPLICABLE LEGAL STANDARD

The Federal Rules of Civil Procedure provide that litigants may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Such discovery may be obtained from a non-party through service of a subpoena commanding attendance at a deposition and/or the production or inspection of documents, electronically stored information, and tangible things. Fed. R. Civ. P. 45(a). The district court from which a subpoena is issued has authority to enforce compliance and may hold in contempt and sanction any "person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).

"Bearing the court's seal and issued by its clerk, the subpoena is an instrument of that court's process." *In re Certain Complaints under Investigation by an Investigating Comm.*

*of the Jud. Council of the Eleventh Cir.*, 783 F.2d 1488, 1495 (11th Cir. 1986). As such, "[i]f a witness disregards the subpoena and fails to comply without filing a timely motion to quash, the witness may be found in contempt of court, with no need for any further court order." *Id.* Indeed, courts sanction parties or attorneys who unilaterally cancel depositions, thereby causing the opposing party to incur expenses. *See, e.g., Mungin v. Stephens*, 164 F.R.D. 275, 280 (S.D. Ga. 1995); *NLRB v. Cable Car Advertisers, Inc.*, 319 F. Supp. 2d 991, 1000-01 (N.D. Cal. 2004).

Assuming the timely filing of objections to a subpoena (which did not occur here), the non-party resisting compliance with a subpoena bears the burden of establishing the validity of his objections. *See, e.g., In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003) ("a party seeking a deposition need not demonstrate the propriety of its request"; rather, objecting deponent must show that "the facts and circumstances are such that it creates an inappropriate burden or hardship"). Rarely do courts find the "extraordinary measure[]" of a "complete prohibition" against a non-party's deposition is appropriate. *See Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998).

## IV.   ARGUMENT

Movants' motion presents two discrete issues: (1) whether nonparty Martin should be compelled to comply with Movants' subpoena; and (2) whether nonparty Martin or his counsel should reimburse Movants for their costs and attorneys' fees incurred as a result of Martin's failure to attend his scheduled deposition. Neither Defendants nor Martin dispute the relevance of the testimony. And Martin's counsel represented he has no responsive documents; thus, Defendants' objections to the document requests are not at issue.

At the outset, Martin's failure to appear for the deposition as commanded by the subpoena, without having obtained – or even sought – relief from that obligation, was "without adequate excuse" and constitutes grounds for a finding of contempt. *See* Fed. R. Civ. P. 45(e); *see also* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE 3d §2465 at 533 ("failure of a subpoenaed party to attend [a deposition] or produce according to the terms of a subpoena is prima facie evidence of contempt"); *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, No. 5:04-cv-12-Oc-10GRJ, 2006 U.S. Dist. LEXIS 99850, at \*4 (M.D. Fla. Mar. 28, 2006) (Rule 45 provides "for the imposition of sanctions against a non-party for failure to comply with a subpoena").

Movants' subpoena is deemed a court order that cannot be defied without a court order excusing the deponent's attendance. *See Certain Complaints under Investigation by an Investigating Comm.*, 783 F.2d at 1495. Indeed, it is axiomatic that deponents are "obliged to appear until some order of the court excuses attendance." *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003); *cf. Batt v. Kimberly-Clark Corp.*, 438 F. Supp. 2d. 1315, 1318 (N.D. Okla. 2006) (deponent "required to take some action to stay the deposition until the parties, with or without the Court's assistance, could resolve the dispute"). Even if the deponent moves to quash the subpoena or for a protective order prior to the deposition – which Martin did not do here, it is incumbent upon that deponent to obtain an order staying the discovery pending resolution of the motion. *See Goodwin v. City of Boston*, 118 F.R.D. 297, 297 (D. Mass. 1988).

What is clearly improper is precisely what Martin did here: simply notifying the Movants at the last minute that he would not appear for deposition on the agreed-upon date.

-7-

*See* Ex. E; *Netjets Aviation, Inc. v. Peter Sleiman Dev. Group, LLC*, No. 3:10-cv-483-J-32MCR, 2012 U.S. Dist. LEXIS 153314, at \*4-\*5 (M.D. Fla. Oct. 25, 2012) (awarding costs when party made "unilateral decision not to cooperate with [the noticed deposition] discovery").

Here, Movants personally served Martin with a validly-issued subpoena in July, which imposed a continuing obligation to comply until the deposition was completed. *See Shulton, Inc. v. Optel Corp.*, 126 F.R.D. 80, 81 (S.D. Fla. 1989); *see also La. v. Sparks*, 978 F.2d 226, 231 (5th Cir. 1992). Martin did not move for either a protective order or motion for quash, or seek any other relief from the subpoena, even after Movants advised they would move for contempt and seek costs if Martin failed to appear. *See, e.g., Kramer Sci. Lab. Prods. Corp. v. Golf Med. Corp.*, No. 11-61610-CIV-ZLOCH, 2011 U.S. Dist. LEXIS 136272, at \*7-\*8 (S.D. Fla. Nov. 28, 2011); *Shulton*, 126 F.R.D. at 81-82. Such willful defiance is contemptuous.

Accordingly, pursuant to Federal Rule 45(e), Movants request that the Court order Martin and/or his counsel to reimburse Movants for their attorneys' fees and costs incurred in connection with traveling to the deposition, paying the court reporter, and bringing this motion. *See, e.g., Cable Car Advertisers, Inc.*, 319 F. Supp. 2d at 1000-01 (recommending an award of costs when party "waited until the eleventh hour to cancel the deposition"); *Edmonds v. Seavey*, No. 08 Civ. 5646 (HB) (JCF), 2009 U.S. Dist. LEXIS 42714, at \*10-\*11 (S.D.N.Y. May 5, 2009) (finding award of attorneys' fees was appropriate when noticed party cancelled on eve of deposition).

## V.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court compel Martin's immediate and full compliance with the subpoena, requiring Martin to either travel to San Diego where Movants' counsel are located for his deposition or pay for Movants' counsel to travel back to Orlando for his deposition to take place within seven (7) days; show cause why Martin should not be held in contempt; award Movants their attorneys' fees and costs incurred in connection with the deposition and bringing this motion; and order such other relief as the Court deems appropriate.

## VI.    CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Movants' counsel has conferred in good faith with counsel for Martin and Defendants regarding the relief requested herein and Martin and Defendants object to the relief requested in Movants' motion; *see* Certificate of Non-Appearance.

DATED: October 23, 2013

ROBBINS GELLER RUDMAN
   & DOWD LLP
MARK DEARMAN, Trial Counsel
Florida Bar No. 982407
STUART A. DAVIDSON
Florida Bar No. 84824

_____
MARK DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
mdearman@rgrdlaw.com
sdavidson@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN
THOMAS R. MERRICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Attorneys for Movants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 23, 2013, a true and correct copy of the foregoing was served to the following:

*Via U.S. mail and e-mail:*

Jill A. Martin
c/o Trump National Golf Club Los Angeles
One Trump National Dr.
Rancho Palos Verdes, CA 90275
Telephone (310) 303-3225
Facsimile: (310) 265-5522
Email: jmartin@trumpnational.com

YUNKER& SCHNEIDER
David K. Schneider
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 233-5500
Facsmile: (619) 233-5535
Email: dks@yslaw.comCounsel for

*Attorneys for Defendants Trump University, LLC and Donald J. Trump*

*Via U.S. Mail*

Gerald Martin
565 Lake Bingham Road
Lake Mary, FL 32746