# EXHIBIT A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| TARLA MAKAEFF, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 10CV0940GPC(WVG) |
| TRUMP UNIVERSITY, LLC, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Southern District of California ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Gerald Martin
565 Lake Bingham Road, Lake Mary, FL 32746

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Luks, Santaniello, Petrillo & Jones<br>255 S. Orange Avenue, Suite 750<br>Orlando, FL 32801 | Date and Time:<br>07/23/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: _Stenographically, LiveNote, and videotaped_

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/03/2013

CLERK OF COURT

OR _____

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff Tarla Makaeff, et al
_____ , who issues or requests this subpoena, are:
Rachel L. Jensen (RachelJ@rgrdlaw.com)
Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101
ph: (619)231-1058

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 10CV0940GPC(WVG)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

I. **INSTRUCTIONS**

All documents or communications produced in response to these requests must be produced as they are kept in the usual course of business or organized and labeled to correspond to which they are responsive.

In the event that any claim of privilege from discovery is asserted with respect to any document or item, identify the document or item by specifying its author(s), addressee(s), recipient(s), date, persons to whom copies were furnished, subject matter, type (*e.g.*, letter, memo, etc.), and specify the precise grounds upon which the claim of privilege is based. If only a portion of any document is subject to an assertion of privilege, produce each and every portion of such document not containing the allegedly privileged matter and comply with the instructions in the preceding paragraph concerning the matter with respect to which the claim of privilege is asserted. Similarly, in the event an objection is made to any request or part thereof, produce all documents in the category requested to the full extent that such production would not be subject to objections.

In responding to these requests, you are required by law to produce all documents reasonably available to you or subject to your custody or control, including without limitation, documents in possession of your attorneys, accountants, advisors,

854613_1

or other persons directly or indirectly employed by or associated with you or your counsel, and anyone else otherwise subject to your control.

In responding to these requests, you must make a diligent search of your own records and of all other papers and materials in your possession or available to you or your representatives.

In the event that a document called for by these requests has been destroyed, the response hereto shall identify (to the extent it is known): (a) the preparer of the document; (b) its addressor (if different); (c) its addressee; (d) each recipient thereof; (e) the date it was created or prepared; (f) the date it was transmitted (if different); (g) a description of its contents and subject matter; (h) the date of its destruction; (i) the manner of its destruction; (j) the name, title and address of the person authorizing its destruction; (k) the reason(s) for its destruction; (l) the name, title, and address of the person who destroyed the document; and (m) a description of the efforts you have taken to locate a copy of the document.

## II. DEFINITIONS

The following definitions apply to each of the requests for documents and are deemed incorporated into each subject and document request listed below:

1. "Trump University" means Trump University, LLC aka Trump Entrepreneur Initiative, and any of its parents, predecessors, successors, subsidiaries, divisions, affiliates, officers, directors or managing partners, agents, attorneys,

- 2 -

854613_1

representatives (including attorneys, accountants, consultants, investment advisors or bankers), and all other persons acting or purporting to act on Trump University's behalf, including, but not limited to, Trump Organization.

2. "Communication" means every method and manner of transmitting or receiving data, opinions, thoughts, images, representations, and any other information whether orally, in writing or otherwise, between two or more persons or entities. Communications include drafts and other written information intended for communicating to another person, even if not ultimately transmitted to or received by another person.

3. "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDAs), microcomputers and mainframe computers.

4. "Computer systems" when used in reference to any computer, includes the following information: (a) the computer type, brand, and model; and (b) the brand and version of all software, including operating system, private- and customer-developed applications, commercial applications, and/or shareware.

5. "Defendants" mean Trump University and Donald J. Trump.

854613_1

6. "Document" is coextensive with the meaning of the terms "documents" and "tangible things" in Federal Rule of Civil Procedure 34, and shall have the broadest possible meaning ascribed to those terms, including, but not limited to, all originals and drafts, in any and all languages, of any nature whatsoever, in your possession, custody or control, regardless of where located, and include, but are not limited to, letters, correspondence, logs, drafts, contracts, prospective contracts, agreements, records, studies, surveys, resolutions, tabulations, notes, summaries, memoranda, electronically stored information ("ESI"), electronic mail ("email"), calendar or diary entries, handwritten notes, working papers, work sheets, spreadsheets, diagrams, minutes, agenda, bulletins, periodicals, circulars, advertisements, notices, announcements, invoices, statements, checks (front and back), bank statements, ledgers, orders, vouchers, instructions, drawings, charts, graphs, manuals, brochures, pamphlets, schedules, telegrams, teletypes, photographs, audio tapes, voice-mail messages, electronic recordings, facsimile transmissions, and information of whatever kind either stored on computers, including computer disks, hard drives and other media, or contained in any computer or information retrieval devices. A draft or non-identical copy is a separate document with the meaning of this term.

7. "Electronic data" or "data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-

identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of email receipts and/or transmittals, output resulting from the use of any software program, including work processing documents, spreadsheets, database files, charts, graphs and outlines, email, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to, EPROM, PROM, RAM, and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term "electronic data" also includes the file, folder tabs and/or containers and label appended to, or associated with, any physical storage device associated with each original and/or copy.

-5-

854613_1

8. "Employee" means any person who at any time during the Relevant Time Period (whether the person is a current or former employee) acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, advisors and consultants of such other person(s).

9. "Including" means "including, but not limited to."

10. "Person" means natural persons, proprietorships, joint ventures, firms, joint owners, partnerships, corporations, groups, trusts, estates, associations, organizations, governmental agencies and all other entities.

11. "Refer to," "relate to" and "concerning" mean relating to, referring to, discussing, describing, memorializing, evidencing, comprising, mentioning, enumerating, pertaining to, being connected with, summarizing, reflecting, or consulting.

## III. RULES OF CONSTRUCTION

1. "All" means "any and all," and the word "any" means "any and all."

2. The use of any singular form of an word includes the plural and vice versa.

3. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## IV. RELEVANT TIME PERIOD

All requests herein refer to the period from January 1, 2005 to the present, unless otherwise specifically indicated, and shall include all information that relates to such period even though prepared or published outside of the Relevant Time Period.

## V. DOCUMENTS TO BE PRODUCED

1. All documents concerning or relating to your involvement and role in Trump University including, but not limited to, any internal memoranda, reports, applications, contracts, notes, correspondence or emails.

2. All documents you submitted to Trump University as part of the application process to work for Trump University.

3. All tapes you submitted to Trump University as part of the application process to work for Trump University.

4. All documents concerning or relating to your relationship with Trump University.

5. All documents concerning all monies paid to you from Trump University.

6. All documents identifying all of the Trump University students you instructed, mentored and/or sold any products or services to.

7. All scripts, PowerPoint presentations, manuals, forms, and all other materials you used as part of your job with Trump University.

8. All documents concerning or relating to your credentials, including without limitation your curriculum vitae and documents sufficient to identify all real estate transactions you have been involved with.

9. All documents concerning or relating to the selection process used by Trump University to select you to be one of its mentors, speakers or salespersons.

10. Any and all evaluations, surveys or other documents you completed with regard to Trump University and all evaluations and surveys completed by students with regard to Trump University and you.

11. All documents setting forth any complaints about you from a Trump University student regarding your services.

12. All documents concerning or relating to any communications between you and Donald J. Trump.

13. All documents concerning or relating to any training you received by or from Trump University.

14. All correspondence, including emails, between you and anyone at Trump University.

15. All communications between you and any Trump University students you mentored, including all evaluations completed by students with regard to Trump University.

16. All representations you made to Trump University students about your net worth or real estate experience.

17. All documents concerning weekly or monthly sales meetings, including, but not limited to, all handouts, notes, and agendas.

18. All documents concerning or relating to complaints against Trump University to the Better Business Bureau, and state Attorney General offices including, but not limited to, the New York Attorney General, Texas Attorney General, and Florida Attorney General.

19. All documents and communications received from Trump University and Trump University representatives regarding Trump University or this lawsuit, including, but not limited to, all communications with George Sorial, David Schneider, Mark Covais, Irene O'Halloran, and Jill Martin.