# EXHIBIT F

Robbins Geller Rudman & Dowd LLP

Atlanta
Boca Raton
Chicago
Melville
New York
Philadelphia
San Diego
San Francisco
Washington, DC

Rachel L. Jensen
RachelJ@rgrdlaw.com

October 21, 2013

VIA EMAIL

Jill Martin
c/o Trump National Golf Club Los Angeles
One Ocean Trails Drive
Rancho Palos Verdes, CA 90275

Re: Subpoenas for Instructor Depositions in *Makaeff, et al. v. Trump University, LLC.*

Dear Jill:

We are in receipt of your letter of this afternoon regarding the depositions of Trump University instructors Gerald Martin set for this Wednesday, October 23, 2013, and Steve Goff set for next Tuesday, October 28, 2013. Your letter also discussed the James Harris deposition noticed for this Friday, October 25, 2013.

As you know, Amber and I are flying first thing tomorrow morning to Orlando for the Martin deposition. Nevertheless, your letter at the last minute refuses to go forward with the Martin and Goff depositions due solely to the filing of *Cohen v. Donald Trump*. Your only explanation is you suspect Plaintiffs in the *Makaeff* matter noticed these depositions "under the guise of needing them for purposes of obtaining discovery in the *Makaeff* action," while really trying to obtain early discovery in the *Cohen* case. Oct. 21, 2013 Letter from Jill Martin to Amber Eck and Rachel Jensen.

Your accusation is nonsense. Your letter is only the latest excuse in Defendants' string of excuses that have resulted in the delay of the instructor depositions for many months. As you know, we have been trying to schedule depositions of primary Trump University instructors for over a year. In fact, Plaintiffs first attempted to serve Steve Goff and James Harris with deposition subpoenas in August 2012, but the witnesses successfully evaded service at that time. We then re-noticed the instructor depositions this summer after finally receiving long-withheld script documents in June of 2013, and we tried to schedule those depositions for July or August. Defendants refused to produce the witnesses during that entire time frame, citing conflicts for defense counsel, Mr. David Schneider, whom I have copied on this correspondence. Plaintiffs accommodated Mr. Schneider's schedule and asked to schedule the depositions during the given windows of the weeks of September 9th and September 17th, but when we attempted to set dates, Mr. Schneider said he was no longer available. In late August, Mr. Schneider finally provided dates

Robbins Geller
Rudman & Dowd LLP



in October, and in a letter dated October 1, 2013, Ms. Martin confirmed Mr. Martin's deposition for this Wednesday and Mr. Goff's deposition for next Tuesday. To now suggest Plaintiffs noticed these instructor depositions to obtain early discovery in an action that was filed on Friday, when Plaintiffs have expended such extraordinary amounts of time and expense over the course of a year to serve the subpoenas and confirm the instructor depositions, strains credulity.[1]

As I am sure you know, "subpoenas issued by attorneys are issued on behalf of the court and are thus treated as orders of the court." *Martinez v. City of Pittsburg*, No. C11-01017 SBA (LB), 2012 U.S. Dist. LEXIS 27230, at *8 (N.D. Cal. Mar. 1, 2012). Rule 45(e) allows a court to "'hold in contempt a [non-party] who, having been served, fails without adequate notice to obey the subpoena.'" *Id.* at *7-*8 (citation omitted). Courts routinely hold non-party witnesses in contempt of court for non-compliance, including both civil and ***criminal*** penalties. *Id.* at *8 ("A contempt charge against a nonparty may be criminal or civil in nature."); *McIver v. Pac. Carmel Mt. Holdings, LP*, No. 09cv1975 LAB (MDD), 2011 U.S. Dist. LEXIS 89274, at *5 (S.D. Cal. Aug. 11, 2011) (unexcused failure to appear would subject witness to contempt of court resulting in criminal or civil penalties). Sanctions may include fines payable to the court, attorneys' fees and costs, and also may include jail time. *Martinez*, 2012 U.S. Dist. LEXIS 27230, at *8; *Allstate Ins. Co. v. Nassiri*, No. 2:08-cv-00369-JCM-GWF, 2011 U.S. Dist. LEXIS 140285, at *7 (D. Nev. Dec. 6, 2011) (ordering non-party witness to pay $5,350.75 for failing to appear at deposition); *Aguilar v. County of Fresno*, No. 1:08-cv-1202 AWI GSA, 2010 U.S. Dist. LEXIS 27136, at *10 (E.D. Cal. Mar. 23, 2010) (holding non-party in contempt, ordering a civil citation and bench warrant to compel appearance and compliance with deposition, and any other penalty the court may deem appropriate); *In re Coan*, No. C 06-80350 MISC SI, 2007 U.S. Dist. LEXIS 6288, at *20 (N.D. Cal. Jan. 12, 2007) (granting motion for sanctions in the amount of $3,000 to cover expenses).

In light of the serious repercussions for failing to obey this subpoenaed deposition, we anticipate that Mssrs. Martin and Goff will honor their obligation by appearing for their scheduled depositions. Should Mr. Martin or Mr. Goff fail to show up for the deposition, we will seek reimbursement for all our attorneys' fees and expenses incurred connection with the depositions, including our airfare and hotel, and any other penalties that the Court may deem appropriate.

Finally, with respect to the Harris deposition, we disagree with both the suggestion that Mr. Harris was not properly served or your objection to the timing of the deposition. First, Mr. Harris

---

[1] Further, Defendants have been on notice that a RICO action would be filed if Plaintiffs' motion for leave to amend was denied since August 23, 2013; as such, the filing of the *Cohen* action provides no excuse for these witnesses not to show up at their scheduled depositions. Plaintiffs are also willing to stipulate that these instructors' depositions taken in the *Makaeff* action may be used in the *Cohen* action so that the witnesses are not required to sit for multiple depositions.

Robbins Geller
Rudman & Dowd LLP



was hand-served with the subpoena, and we have a picture of Mr. Harris at the restaurant table where he was served. Also, we served the amended deposition subpoena on defense counsel, Mr. Schneider, on September 13, 2013, prior to service on the witness, but Defendants failed to let us know of any conflict until October 1, 2013. Despite Defendants' delay in notifying us of any conflict, we have indicated our willingness to make accommodations, though we explained we cannot release the noticed date of October 25, 2013, until we have assurances from this witness he would work with us on alternative dates. I have now been in touch with Mr. Harris' criminal attorney, Donald Turner, and I hope to have an update on Mr. Harris' deposition shortly.

Very truly yours,

RACHEL L. JENSEN

RLJ:hsb

Enclosures

cc: David Schneider
Jason Forge
Amber Eck