UNITED STATES DISTRICT COURT

MIDDLE DISTRICT FLORIDA

ORLANDO DIVISON

| | |
|---|---|
| IN RE SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* TO GERALD MARTIN <br><br> TARLA MAKAEFF, et al., on Behalf of Themselves and All Other Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRUMP UNIVERSITY, LLC, et al., <br><br> Defendants. | CASE NO.  13-mc-00102-RBD-KRS <br><br> CIVIL ACTION NO. 10-CV-094GPC (WVG) (S.D. Cal.) <br><br> OPPOSITION OF GERALD MARTIN AND DEFENDANTS TO MOTION TO COMPEL COMPLIANCE WITH SUPOENA *DUCES TECUM* AND *AD TESTIFICANDUM,* AND REQUEST FOR ORDER TO SHOW CAUSE WHY NON-PARTY GERALD MARTIN SHOULD NOT BE HELD IN CONTEMPT AND MEMORANDUM OF LAW IN SUPPORT |

**MEMORANDUM OF LAW**

**I.   INTRODUCTION**

Plaintiffs' motion for class certification in this case was scheduled to be heard in the Southern District of California District Court on August 16, 2013.  Two weeks before the hearing, however, Plaintiffs filed a motion for leave to amend the Court's Amended Scheduling Order to file a Fourth Amended Complaint.  (Dkt. No. 248).  Because of Plaintiffs' motion, the Court vacated the class certification hearing date.  (Dkt. No. 249).  On October 7, 2013, the Court denied Plaintiffs' motion for leave to amend (Dkt. No. 271), and subsequently scheduled the hearing on Plaintiffs' motion for class certification for November 8, 2013.  (Dkt. No. 274).

Despite the Court's order denying Plaintiffs the opportunity to amend their complaint, <u>one</u> business day before counsel for Defendants and third-party witness Gerald Martin[1] was set to travel to Florida for the deposition of Mr. Martin, Plaintiffs attempted to sandbag both Defendants and the witness by filing a new, related class action lawsuit alleging the same claims that the Court denied them the right to add in the underlying complaint.  In light of the new case filing, on the same day that it received the new complaint – two days before Mr. Martin's deposition was scheduled to occur – Defendants' counsel immediately notified counsel for Plaintiffs that the deposition of Mr. Martin would not be able to proceed on the scheduled date because it would be an improper attempt to gather premature discovery for purposes of the newly filed action.  Rather than working with Defendants' counsel to set a new date, when counsel and the witness could be prepared to proceed in light of the new complaint, Plaintiffs' counsel insisted on traveling to Florida and unnecessarily incurring costs.

---

[1] Counsel for Defendants is also representing the third-party witness Gerald Martin.  For ease of discussion, counsel for Defendants and Gerald Martin will be referred to simply as counsel for Defendants herein.

In the subject motion, Plaintiffs' counsel fails to advise the court of any of these crucial facts. They do not deny that they are seeking Mr. Martin's testimony to support their newly filed case. Yet, they attempt to manufacture urgency in obtaining Mr. Martin's testimony by arguing that it is necessary in advance of the class certification hearing. As will be addressed in full below, Plaintiffs' arguments are without merit, as class certification has been fully briefed by the parties and the introduction of new evidence for purposes of class certification at this late date is improper.

## II.   BACKGROUND

### A. Plaintiff's Complaint and Attempt to Amend After the Deadline

On or about April 30, 2010, Plaintiffs filed a putative class action against Trump University and Donald J. Trump in the Southern District of California District Court generally alleging that Trump University did not provide its students with the real estate education it had promised. Since then, Plaintiffs filed three amended complaints. Pursuant to the operative scheduling order issued by the Court, the deadline to amend the complaint was July 31, 2012. (Dkt. No. 88).

More than one year past the deadline to amend, on August 2, 2013 – just two weeks before their motion for class certification was scheduled to be heard– Plaintiffs filed a motion seeking leave to file a fourth amended complaint to add new federal RICO claims. (Dkt. No. 248). On October 7, 2013, the Court denied plaintiffs' motion to amend. (Dkt. No. 271).

Despite the court's order denying Plaintiffs the ability to amend their complaint to add RICO claims, on October 18, 2013, counsel for Plaintiffs filed an entirely new, related class action, *Cohen v. Donald J. Trump,* Southern District of California District Court Case No. 13

CV2519 DMS RBB (hereinafter referred to as "*Cohen*") alleging the same RICO allegations that the Court ordered could not be added by amendment in this case.

### B.  Plaintiffs' Motion for Class Certification

On September 24, 2012, Plaintiffs filed a motion for class certification, which was fully briefed by February 1, 2013. (Dkt. Nos. 122, 138, 195). While the class certification motion was originally set for hearing on February 12, 2013, due to various administrative delays, the motion was most recently set for hearing on August 16, 2013. (Dkt. Nos. 190, 234). Due to Plaintiffs' motion to amend, addressed above, the Court vacated the August 16, 2013 date. Following its denial of Plaintiffs' motion for leave to amend, on October 15, 2013, the Court reset the hearing on Plaintiffs' motion to amend for November 8, 2013. (Dkt. No. 274).

### C.  The Subpoena to Third-Party Witness Gerald Martin

On July 3, 2013, Plaintiffs issued a subpoena for the deposition of third-party witness Gerald Martin. (Plaintiffs' Motion to Compel Compliance with Subpoena *Duces Tecum* and *Ad Testificandum,* and Request for Order to Show Cause Why Non-Party Gerald Martin Should Not be Held in Contempt and Memorandum of Law in Support (hereinafter "Motion to Compel"), Ex. A.). In violation of Rule 45(b)(1), Plaintiffs did not serve the subpoena on Defendants until July 16, 2013. This was no accident. Plaintiffs' counsel served Mr. Martin with a subpoena, then contacted him, interviewed him, requested documents from him and asked him to sign a declaration – all before even providing a copy of the subpoena to defense counsel. Plaintiffs' counsel's reason for not serving the subpoena on Defendants was two-fold:  (1) so that counsel for Defendants would not know of their contacts with Mr. Martin; and (2) so they could argue that they didn't know counsel for Defendants represented Mr. Martin, as they had done with other former Trump University instructors.  Further, in violation of the Local Rules of the

Southern District of California, Plaintiffs also did not contact Defendants' counsel to inquire about availability before setting the deposition date.

On July 17, 2013, six days before the date set by the subpoena to testify, Plaintiffs served the subpoena on Mr. Martin. (Motion to Compel, Ex. B.). Defendants properly objected to the subpoena and the parties began the meet and confer process regarding dates to schedule Mr. Martin's deposition. During the time that the parties were meeting and conferring, Plaintiffs' filed their motion to amend the complaint. In light of this motion, and the uncertain status of the pleadings, Defendants took the position that it would be inappropriate to take Mr. Martin's deposition until they knew what causes of action were at issue in the case. Accordingly, in order to give enough time for the Court to decide the issue, Defendants offered the date of October 23, 2013 for Mr. Martin's deposition, and expressly reserved final confirmation of the depositions until the outcome of the motion. *See* Ex. 1 (Letter from David K. Schneider to Rachel Jensen dated August 29, 2013, stating "Counsel and the witnesses are currently available on the dates below, but reserve confirmation of the depositions until we know the outcome of one or both of the pending motions and related scheduling and/or discovery issues, and the like.").

With the denial of Plaintiffs' motion to amend, Defendants and Mr. Martin were prepared to appear for the October 23, 2013 deposition. Just <u>one </u>business day before counsel for Defendants and Mr. Martin was scheduled to travel to Orlando for Mr. Martin's deposition, Plaintiffs' counsel attempted to make an end run around the Court's denial of their motion to amend by filing the *Cohen* action.

In light of this new related class action, now alleging RICO claims, counsel for Defendants, Jill A. Martin, immediately notified counsel for Plaintiffs that Defendants and Mr. Martin would not be able to move forward with the deposition as previously scheduled. (Motion

to Compel, Ex. E.).Defendants informed Plaintiffs of their concern that Plaintiffs would undoubtedly be using Mr. Martin's testimony for purposes of the new RICO action – claims which Defendants could not be adequately prepared for on such short notice. *Id.* Despite Defendants repeatedly informing Plaintiffs that the deposition would not be able to proceed as scheduled (*See* Exs. 2, 3), and offering to discuss potential dates for rescheduling, counsel for Plaintiffs, Amber Eck, insisted on traveling to Florida and proceeding with the deposition. (*See* Exs. 3, 4).

### III.   ARGUMENT

**A. Mr. Martin's Deposition Should Not be Compelled and He Should Not be Held In Contempt Because He Had Adequate Excuse for Cancelling His Deposition.**

**1. Plaintiffs' counsel's motive for taking Mr. Martin's deposition is to obtain premature discovery in the related *Cohen* case.**

Federal Rule of Civil Procedure Rule 26(d) prohibits a party from seeking discovery prior to the Rule 26(f) case management conference. Expedited discovery may only take place if authorized by the court upon a showing of "good cause." *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002).

By seeking to compel Mr. Martin's deposition in the case at hand, Plaintiffs are attempting to make an end run around Rule 26(d)'s discovery hold at the outset of litigation. Notably, in Plaintiffs' motion, Plaintiffs' counsel do not deny that they are seeking Mr. Martin's deposition to support their RICO allegations in the newly filed *Cohen* matter. In fact, Plaintiffs' counsel has admitted this purpose by offering "to stipulate that [Mr. Martin's] deposition in the *Makaeff* action may be used in the *Cohen* action so that the witnesses are not required to sit for multiple depositions." (Motion to Compel, Ex. F).While Defendants agree that Mr. Martin

should not be made to sit for his deposition twice, Mr. Martin should not be compelled to provide testimony in a case that was filed two business days before his scheduled deposition.

Plaintiffs' counsel's last-minute filing of a new action, for which they are seeking discovery, was adequate justification for Mr. Martin's counsel's cancellation and attempt to reschedule the depositions.

**2. Plaintiffs' purported need for Mr. Martin's testimony is pretext.**

Plaintiffs argue that Mr. Martin's testimony is necessary in advance of the class certification hearing scheduled for November 8, 2013. Plaintiffs' position is without merit for several reasons.

First, any testimony obtained by Mr. Martin cannot be used as evidence to determine the propriety of class certification, as Plaintiffs' time for submitting evidence supporting their motion expired almost one year ago, when they filed their moving papers. *See In re Flash Memory Antitrust Litig,* 2010 WL 2332081, at *15 ("Since it is Plaintiffs' initial burden to demonstrate the existence of an ascertainable class, such evidence should have been proffered with Plaintiffs' moving papers in order to afford Defendants a full and fair opportunity to respond."). Indeed, it is improper to introduce new evidence after the moving papers are filed. *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007);*In re Flash Memory Antitrust Litig,* 2010 WL 2332081, at *15 ("the Court does not consider new arguments or evidence presented for the first time in a reply"). Plaintiffs' class certification moving papers were filed over one year ago. (Dkt. No. 122 – filed on September 24, 2012). Briefing was completed, with the filing of Plaintiffs' reply, almost nine months ago. (Dkt. No. 192 – filed February 1, 2013). Thus, as it is improper for Plaintiffs to present Mr. Martin's testimony for the first time at the class certification hearing, there is no need for Plaintiffs to take his deposition before the hearing.

Second, Plaintiffs argument that they need to take Mr. Martin's deposition now because they have previously attempted, and were unable to obtain testimony of "key Trump University instructors" is equally unavailing. Plaintiffs admittedly did not previously seek Mr. Martin's testimony.[2] Whatever attempts they made to depose other witnesses is irrelevant. Plaintiffs had ample time (almost two years), before filing their motion for class certification to take Mr. Martin's deposition. They chose not to. Accordingly, Plaintiffs have no justification for the sudden need to take Mr. Martin's deposition.

Third, Plaintiffs' argument that Mr. Martin's testimony is necessary only now, in light of Defendants' production of certain documents pertaining to scripts, is equally unavailing. Plaintiffs argue that Defendants failed to produce certain "scripts" until June 2013, after class certification briefing was completed. Plaintiffs made this same argument before the Southern District of California District Court and it was rejected: "the record shows the content of the Script was previously known to Plaintiffs well before June 2013. On February 2, 2013, Plaintiffs provided the Court a copy of a TU PowerPoint presentation in their reply certification papers." (Dkt. 271 at p. 7). As was recognized by the Southern District of California District Court, the content of the alleged "script" was produced by Defendants in May 20<u>12</u>-- seventeen months ago. Thus, any attempt by Plaintiffs to argue that Mr. Martin should be compelled to testify prior to the class certification hearing so that they can question him about "scripts" fails.

**3. Mr. Martin Remains Willing to Appear for his Deposition at the Appropriate Time.**

At no time has Mr. Martin outright refused to appear for his deposition. He remains willing and able to do so. He and his counsel have not, however, been able to evaluate whether he has any personal exposure (i.e. whether Plaintiffs could name him as a defendant) in the

---

[2] Plaintiffs cite to their efforts to serve subpoenas on James Harris, Mike Kasper, and Steve Goff. They make no mention of any efforts to serve a subpoena on Mr. Martin.

*Cohen* case. Compelling his deposition, when Mr. Martin and his counsel have not been able to evaluate the case, the claims, and potential exposure would be unduly prejudicial to Mr. Martin. Additionally, Mr. Martin's occupation requires him to travel throughout the country most weekends of the year. On November 1 – the date Plaintiffs' counsel requests his deposition be compelled – Mr. Martin is already scheduled to appear at a speaking engagement in Boston, an engagement he cannot cancel at this late date (Mr. Martin provides real estate education for which participants have signed up to attend well in advance). Accordingly, his deposition should not be scheduled until an appropriate, later date, subject to the scheduling order in the *Cohen* matter, or as such time as the Southern District of California District Court deems appropriate.

Further, compelling Mr. Martin, a third-party witness, to appear on the date advocated by counsel for Plaintiffs, Nov. 1, 2013, will be not only be prejudicial to Mr. Martin, but it will also be unduly prejudicial to Defendant Donald J. Trump's ability to defend himself in the *Cohen* matter.

### B. Plaintiffs' Counsel Should Not Be Awarded Costs

Plaintiffs' request that this Court order Mr. Martin and/or counsel for Defendants to reimburse them for their attorneys' fees and costs incurred due to the cancelation of Mr. Martin's deposition should be denied. Mr. Martin had adequate justification for cancelling his deposition and Plaintiffs' counsel's costs incurred were entirely avoidable. As soon as practicable – on the same date of receiving the *Cohen* complaint– counsel for Defendants, Jill A. Martin, notified Plaintiffs' counsel several times, making it clear that Mr. Martin's deposition would not be able to proceed in light of the *Cohen* filing. (Motion to Compel, Ex. E; Exs. 2, 3).Plaintiffs' counsel could have cancelled their travel plans at that time, but instead, counsel for Plaintiffs, Amber

Eck, chose to get on a plane the following day to grandstand the non-appearance which was one day later. (*See* Ex. 4).

## IV. CONCLUSION

For the foregoing reasons, counsel for Defendants and third-party witness Gerald Martin respectfully request that the Court deny Plaintiffs' Motion to Compel Compliance with Subpoena *Duces Tecum* and *Ad Testificandum*, and Request for Order to Show Cause Why Non-Party Gerald Martin Should not be Held in Contempt.

Dated: October 28, 2013

Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By:/s/ Herman J. Russomanno III
   Herman J. Russomanno (Fla. Bar No.240346)
   hrussomanno@russomanno.com
   Herman J. Russomanno III (Fla. Bar No. 21249)
   herman2@russomanno.com

Jill A. Martin, Esq.
One Trump National Dr.
Rancho Palos Verdes, CA *90275*
Telephone (310) 303-3225
Facsimile: (310) *265-5522*
Email: jmartintrumpnational.com

David K. Schneider, Esq.
YUNKER & SCHNEIDER
*655* West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: dksyslaw.com

*Counsel for Trump University, LLC,
Donald J. Trump and Gerald Martin*

-11-

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 28, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se Parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                 /s/  Herman J. Russomanno III