# EXHIBIT 2



*Trump National Golf Club*

October 21, 2013

**VIA EMAIL (Amberc@zhlaw.com & RachelJ@rgrdlaw.com):**

Amber Eck, Esq.                          Rachel Jensen, Esq.
Zeldes Haeggquist & Eck, LLP             Robbins Geller Rudman & Dowd LLP
625 Broadway, Suite 1000                 655 W Broadway Suite 1900
San Diego, CA 92101                      San Diego, CA 92101

Re:   **Makaeff, et al. v. Trump University, LLC, at al.**

Dear Ms. Eck & Ms. Jensen:

This letter responds to your letter of today's date regarding the upcoming depositions of Messrs. Martin, Goff, and Harris.

While you claim that it is "nonsense" that you will be using the subject depositions for discovery purposes in the *Cohen* case, it is abundantly clear from the *Cohen* complaint that all discovery you are obtaining in the *Makaeff* matter is being utilized for purposes of the *Cohen* matter. The fact that you did not seek to serve these witnesses until this summer, at which time you were attempting to obtain leave to amend to add the RICO claims that are now, due to the failure of such efforts, included in the *Cohen* case, is at least impliedly an admission of your true motives.

Although you sought to take these depositions a few months ago, the timing was clearly inappropriate, as you were attempting to amend your complaint to add the RICO claims. We provided you with dates in October, anticipating that we would have a ruling on your motion to amend and would know what claims were at issue. Once we received the order denying the motion to amend -- confirming that the RICO claims were not part of the case -- we confirmed with you that the depositions could move forward on the dates agreed upon. Now, right before the depositions are set to occur, and sandbagging us so that we cannot prepare accordingly, your firms filed the *Cohen* case.

We are flabbergasted by your argument that we "have been on notice that a RICO action would be filed if Plaintiffs' motion for leave to amend was denied since August 23, 2013." Really? We were supposed to know that you would try to circumvent the court's order denying your motion for leave to amend by filing an entirely new action? While we are certainly aware of the questionable tactics you have taken throughout the duration of this case, we did not anticipate

Amber Eck, Esq.
Rachel Jensen, Esq.
October 21, 2013
Page 2

such a blatant attempt to disregard Judge Curiel's order.  We also did not anticipate that you would intentionally attempt to prevent Judge Curiel from learning of your actions by not filing the required notice of related case.

Your offer to stipulate "that these instructor depositions taken in the *Makaeff* action may be used in the *Cohen* action so that the witnesses are not required to sit for multiple depositions" further illustrates our concern.  Your ninth-hour filing certainly does not give us time to prepare for these depositions with a defense strategy for the *Cohen* matter in mind.

We certainly understand the importance of subpoenas, which is why we gave you notice as soon as possible, and reiterate here, that the witnesses will not be appearing.  As I will now need to cancel my arrangements for these depositions, you have notice so that you can too.  When the timing is proper for these depositions, we will certainly be happy to work with you to schedule dates that work for the witnesses and counsel.

Finally, contrary to your allegation, this is not a delay tactic by Defendants.  We were prepared to go forward with these depositions, as I notified you last week.  It was your decision to file a new, related case that has caused this scheduling issue.  The federal rules staying discovery at the outset of a case are in place to protect defendants from facing the very discovery you now prematurely seek to obtain.

If you would like to meet and confer on this matter, I would be happy to schedule a time this week.

Very truly yours,

Jill A. Martin

cc:     David Schneider (via email)